[No. 6141.  Decided August 1, 1906.]

NILES C. BUDLONG, *Appellant,* v. GEORGE E. BUDLONG *et al.,*
*Respondents.*[1]

PARTNERSHIP—PROPERTY—EVIDENCE—SUFFICIENCY.  The evidence is insufficient to show a partnership, and a nonsuit is properly granted, where it appears that any partnership existing had been so long abandoned that the personal property in controversy could in no event be subject to it, and the real estate was held in the name of one of the partners more than twenty years before as his separate property, and for the last ten years had been held as the separate property of his wife.

APPEAL—REVIEW—HARMLESS ERROR.  On a trial *de novo* in the supreme court, it is harmless error that the court below did not consider certain matters deemed to be immaterial when the same could be of no avail in any event.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 14, 1905, in favor of the defendants, granting a nonsuit after a trial on the merits, in an action for the division of certain property as the property of a partnership.  Affirmed.

*P. P. Carroll* and *John E. Carroll,* for appellant.

*John F. Miller* and *Fred H. Lysons,* for respondents.

1Reported in 86 Pac. 559.

FULLERTON, J.—The appellant brought this action to have certain property standing in the name of, and claimed by, the respondent Edith J. Budlong declared to be property of a partnership consisting of himself and the defendant George E. Budlong, and to have the partnership dissolved, the property sold, and the proceeds thereof divided between the partners after the debts and liabilities were first paid and satisfied. From the complaint it appeared that the appellant and George E. Budlong were brothers, and that Edith J. Budlong was the wife of George E. Budlong, and the partnership was alleged to have existed since the fall of the year 1881. Edith J. Budlong alone defended. She denied the existence of the alleged partnership, denied that the property described in the complaint was or ever had been the partnership property of the appellant and his brother, and pleaded affirmatively facts tending to show that the property was her separate property. The affirmative matters of the answer were put in issue by a reply, and a trial had on the issues made which resulted in a judgment of nonsuit against the appellant.

An examination of the record convinces us that the court did not err in its conclusions as to the effect of the evidence. If there ever was a partnership between the brothers, it was abandoned so long ago that the personal property in controversy could in no event be said to be a subject of it. The real property was acquired by George E. Budlong prior to the time it is claimed the partnership was entered into. An effort was made to show that it was acquired with funds belonging to a partnership composed of the brothers here named and their father, and taken in the name of George E. Budlong for convenience. But the land, from the time of its acquisition in 1881, up to some ten years ago, when it was conveyed to Edith J. Budlong, stood in the name of George E. Budlong and was treated by him as his separate property, and the record is singularly silent as to any claim of interest made thereto by the appellant. And from the time it was

conveyed to Mrs. Budlong up to a time just preceding the commencement of this action, she claimed it, and dealt with it as her own, without hindrance or protest on the appellant's part. For these reasons, without further discussing the evidence, we think the court rightly held that the appellant did not make out a *prima facie* case.

The appellant complains, however, that some of his evidence was excluded, and that if he had been permitted to go fully into the matter a different result might have been obtained. But we fail to find anywhere in the record, and certainly not at the places to which the appellant refers, that the court did exclude testimony. The court, it is true, did say, in answer to an objection made by the respondents, that certain matters were immaterial, and may not have considered them in making up its judgment, but the answers of the witnesses were in the record before the objections were made, and this court has had the benefit of them. So, if the trial court was in error, it would not avail the appellant since the action is tried here *de novo,* and this court will examine as much of the record as it deems material even though its views may not be in accord with those of the trial court as to the admissibility of certain evidence in the record.

We find no error in the record and the judgment will stand affirmed.

MOUNT, C. J., HADLEY, ROOT, DUNBAR, RUDKIN, and CROW, JJ., concur.